■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. GEORGE C. WEST, Respondent.— Appeal from an order of the Ulster County Court, entered on June 19, 1972, which dismissed the indictment against defendant. The defendant has been indicted for the crime of criminal possession of a dangerous drug in the third degree (Penal Law, § 220.20). The record reveals that a warrant was obtained, authorizing a search of the premises owned or leased by defendant at a certain address, including the outbuildings thereon, for narcotics and dangerous drugs. The Grand Jury minutes contain the testimony of a State Trooper who testified that, on August 5, 1971, he made a search of the premises of defendant. He described the premises and their location. He further testified that, inside a doghouse located near a barn on the premises, he found a burlap bag containing five bricks of hashish, which he turned over to a State investigator. The investigator testified he was also involved in the same investigation and that the premises were owned by defendant. He also identified the hashish. On a pretrial motion, the trial court dismissed the indictment on the ground that the evidence before the Grand Jury was insufficient to support the indictment. Specifically, the court held that there was no competent evidence to establish that defendant was "the owner, tenant or occupant, or in any way entitled to possession of the searched premises." Further, the trial court found that the evidence failed to establish defendant's knowledgeable possession of hashish. We reach a different conclusion. Criminal possession of a dangerous drug in the third degree consists of knowingly and unlawfully possessing a narcotic drug of a specified weight and chemical composition (Penal Law, § 220.20). It was not necessary for the prosecution to introduce before the Grand Jury documentary proof of possession by defendant of the premises on which the hashish was found. The testimony of the investigator that defendant owned the premises involved was sufficient. For purposes of Grand Jury presentation, parole evidence of defendant's ownership of the premises is competent and admissible evidence, sufficient until nullified, and may supply a necessary element in a prima facie case. (See *People* v. *Oakley*, 28 N Y 2d 309, 312.) Knowledge may be shown circumstantially. (*People* v. *Reisman*, 29 N Y 2d 278, 285.) " Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his hands, on his person, in his vehicle, or on his premises * * *. In the case of contraband its possession is a crime per se, and hence the inference of guilt, that is, knowledgeable possession,

is as strong as is the case, for instance with stolen goods." (*People* v. *Reisman, supra,* pp. 285–286.) In our opinion, there was sufficient evidence before the Grand Jury to sustain the indictment. Order reversed, on the law, motion denied and indictment reinstated. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.